United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LATWAHN MCELROY,

Plaintiff,

v.

PROPERTY CLERK RHU, et al.,

Defendants.

Case No. 26-cv-05202-HSG

**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED PURSUANT TO 28 U.S.C. § 1915(g)**

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court ORDERS Plaintiff to show cause why his request for leave to proceed *in forma pauperis*, Dkt. No. 2, should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**DISCUSSION**

**I. Order to Show Cause Why *In Forma Pauperis* Status Should Not Be Denied**

**A. 28 U.S.C. § 1915(g)**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which became effective on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a prior dismissal counts as a strike, the Court "should look to the substance of the dismissed lawsuit, and not to how the district court labelled or styled the

dismissal." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) ("*Harris I*") (internal quotations marks and citation omitted). To be counted as a strike, a case must be dismissed in its entirety as frivolous, malicious or for failure to state a claim. *Id.* at 674. For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance: The phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ( "*Andrews I*"). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted).

When the district court dismisses a complaint for failure to state a claim and grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("*Harris II*").

"[R]epeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108 (9th Cir. 2013). Complaints can run afoul of Rule 8(a) by (1) saying "too little," that is, by failing to meet the *Iqbal* pleading threshold, or (2) saying "too much." *Id.* at 1108-10. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges" and therefore can be properly dismissed under Rule 8. *McHenry v. Renne*, 84 F.3d 1179–80 (9th Cir. 1996).

A dismissal based on immunity does not constitute a strike because § 1915(g) omits the immunity language as a ground for a strike. *Harris I*, 935 F.3d at 675. There are rare cases where immunity may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim, or where immunity is so obvious that the suit is frivolous and dismissal counts as a strike. *Id.* at 676. "But these are exceptional cases where the affirmative defense is readily apparent without resort to any additional information outside the four corners of the complaint. Such will rarely be the case with immunity-based defenses." *Id.*; *see Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) (dismissal on basis of prosecutorial immunity for contents of

government's appellate brief constituted strike).

"Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews I*, 398 F.3d at 1121. A district court is not required to announce in an order that its dismissal constitutes a strike under Section 1915(g) for that dismissal to later count as a strike. *Id.* at 1119 n.8.

A dismissal based solely on a finding that the plaintiff previously incurred at least three strikes, without any additional finding that the action is itself frivolous, malicious or fails to state a claim, does not count as an additional strike under § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016).

The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger, but did not affect Section 1915(g) analysis). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*

The Ninth Circuit requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for him. *Andrews I*, 398 F.3d at 1120. *Andrews I* implicitly allows the Court to *sua sponte* raise the Section 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it

considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action *in forma pauperis* under Section 1915(g). However, the prisoner may still pursue his claims if he pays the full filing fee at the outset of the action.

**B. Prior Denials of *In Forma Pauperis* Status**

Plaintiff is a frequent litigant. A June 12, 2026 search conducted of the federal court electronic records database, the Public Access to Court Electronic Records ("PACER") system, available at https://pacer.login.uscourts.gov, indicates that, as of that date, Plaintiff had filed at least seventy-two (72) cases or appeals in California federal courts, including this case. In the last five years, Plaintiff has filed eight cases in federal district courts in California and filed three appeals in the Ninth Circuit Court of Appeals. *See, e.g.,* C No. 25-cv-1343, *McElroy v. Schultz, et al.* (E.D. Cal.); C No. 24-cv-7275, *McElory v. Constantino, et al.* (C.D. Cal.); 9th Cir. C No. 21-16444, *McElroy v. S. Gates, et al.*; 9th Cir. C No. 21-16410, *McElroy v. Gomez, et al.*

Plaintiff has previously been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915(g), by both the Ninth Circuit Court of Appeals and by various California federal district courts.

Plaintiff has been denied leave to proceed *in forma pauperis* in the Ninth Circuit. In 9th Cir. C No. 21-16444, *McElroy v. S. Gates, et al.*, the Ninth Circuit denied Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). The Ninth Circuit found that Plaintiff had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and that Plaintiff had not alleged imminent danger of serious physical injury. 9th Cir. C No. 21-16444, *McElroy v. S. Gates, et al.*, Dkt. No. 9 (9th Cir. Feb. 23, 2022). The Ninth Circuit identified the following cases as strikes: C No. 1:08-cv-0179, *McElroy v. Schultz* (E.D. Cal. Apr. 30, 2010); C No. 2:08-cv-0733, *McElroy v. CDC* (E.D. Cal. June 3, 2009); C No. 1:08-cv-0124, *McElroy v. Gebbmedin* (E.D. Cal. Dec. 11, 2008). *Id.*

Plaintiff has been denied leave to proceed *in forma pauperis* in the Eastern District of California. In C No. 23-cv-0559, *McElory v. Castro, et al.* (E.D. Cal.), the district court denied Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). The district

court identified the following cases as strikes, with the reasoning provided in the parenthetical following the case citation: (1) C No. 2:02-cv-04301-MMM-MLG, *McElroy v. City of Inglewood, et al.* (C.D. Cal. Nov. 20, 2002) (failure to state claim); (2) C No. 2:03-cv-05034-UAMLG, *McElroy v. City of Inglewood, et al.* (C.D. Cal. July 25, 2003) (frivolous); (3) C No. 1:08-cv-00124-LJO-GSA PC, *McElroy v. Gebbmedin, et al.* (E.D. Cal. Dec. 11, 2008) (failure to state claim); (4) C No. 2:08-cv-00733 HWG, *McElroy v. California Department of Corrections* (E.D. Cal. June 3, 2009) (failure to state claim); (5) C No. 1:08-cv-00179-OWW-MJS, *McElroy v. Schultz, et al.* (E.D. Cal. Apr. 30, 2010) (failure to state claim); (6) C No. 1:13-cv-0483-MJS, *McElroy v. Institutional Head Ground, et al.* (E.D. Cal. Nov. 1, 2013) (failure to state claim); and (7) C No. 1:1-20-cv-00658-DAD-SAB (E.D. Cal. Dec. 10, 2020), *McElroy v. Gomez, et al.* (failure to state claim, failure to comply with court order, failure to prosecute). C No. 23-cv-0559, *McElory v. Castro, et al.* (E.D. Cal.), Dkt. No. 6 (Apr. 21, 2023), Dkt. No. 12 (Jun. 20, 2023).

Plaintiff has been denied leave to proceed *in forma pauperis* in the Southern District of California. In C No. 20-cv-00755 GPC RBM, *McElory v. Juarez, et al.* (S.D. Cal.), the district court denied Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). The district court identified the following cases as strikes, with the reasoning provided in the parenthetical following the case citation: (1) C No. 1:08-cv-00124-LJO-GSA PC, *McElroy v. Gebbmedin, et al.* (E.D. Cal. Dec. 11, 2008) (failure to state claim); (2) C No. 1:08-cv-00179-OWW-MJS, *McElroy v. Schultz, et al.* (E.D. Cal. Apr. 30, 2010) (failure to state claim); (3) C No. 2:08-cv-00733 HWG, *McElroy v. California Department of Corrections* (E.D. Cal. June 3, 2009) (failure to state claim); (4) C No. 1:13-cv-0483-MJS, *McElroy v. Institutional Head Ground, et al.* (E.D. Cal. Nov. 1, 2013) (failure to state claim); and (5) C No. 15-cv-2271 KJM EFB, *McElroy v. CDC, et al.* (failure to state a claim). C No. 20-cv-00755 GPC RBM, *McElory v. Juarez, et al.* (S.D. Cal.), Dkt. No. 14 (Sept. 9, 2020).

Plaintiff has denied leave to proceed *in forma pauperis* in this District in the following cases: C No. 25-cv-01343 HSG, *McElroy v. Schultz*; C No. 25-cv-00314 HSG, *McElroy v. Dep't. of Corr.*;C No. 20-cv-1900 PJH, *McElroy v. McLean, et al.*; C No. 15-cv-0042 EJD, *McElroy v. Muniz, et al.*

**C. Prior Strikes**

The Court has reviewed Plaintiff's prior cases and finds that he has at least three cases which were dismissed either as frivolous, or malicious, or for failure to state a claim:

(1) C No. 2:02-cv-04301-MMM-MLG, *McElroy v. City of Inglewood, et al.* (C.D. Cal. Nov. 20, 2002) (failure to state a claim). In this case, Plaintiff alleged that the City of Inglewood and certain Inglewood police officers stole property from him when they arrested him. Plaintiff styled the action as a petition for a writ of habeas corpus, but the court construed the action as a civil rights complaint. Plaintiff filed an amended complaint that superseded the initial habeas petition. In the amended complaint, Plaintiff acknowledged that he was filing a 42 U.S.C. § 1983 action and alleged that his personal property was seized upon his January 21, 2001 arrest and never returned. The court dismissed the action in its entirety with prejudice for failure to state a claim because an unauthorized or negligent deprivation of property by a state official does not state a federal claim.

(2) C No. 2:03-cv-05034-UAMLG, *McElroy v. City of Inglewood, et al.* (C.D. Cal. July 25, 2003) (frivolous). In this action, Plaintiff raised the same claims regarding deprivation of property that he had brought in C No. 2:02-cv-04301-MMM-MLG, *McElroy v. City of Inglewood, et al.* The court dismissed this case in its entirety for failure to state a claim because the intentional or negligent deprivation of property by a state official does not state a federal claim and because the claims had been raised previously in a prior action.

(3) C No. 1:08-cv-00124-LJO-GSA PC, *McElroy v. Gebbmedin, et al.* (E.D. Cal. Dec. 11, 2008) (failure to state a claim). In this action, Plaintiff sued various Kern Valley State Prison correctional officials for causing him mental and emotional pain and anguish by, *inter alia*, picking on him, making fun of him, and verbally taunting him. The court found that the complaint failed to state a claim for relief because verbal harassment or abuse alone does not state a federal claim. The court granted Plaintiff leave to file an amended complaint to correct this deficiency, but Plaintiff did not file an amended complaint. The court therefore dismissed the action in its entirety for failure to state a claim.

(4) C No. 2:08-cv-00733 HWG, *McElroy v. California Department of Corrections*

United States District Court
Northern District of California

(E.D. Cal. June 3, 2009) (failure to state a claim). In this action, Plaintiff sued the California Department of Corrections and three Doe defendants – two doctors and one nurse – in their official capacities, alleging that they acted negligently and provided inadequate medical treatment between March 20, 2008 and April 7, 2008, when they allegedly discontinued various prescriptions, including dietary supplements, skin treatments, and medications; and when they allegedly discontinued a prescription for a wheelchair with a leg extension. The complaint indicated that Plaintiff was provided other medical treatment, albeit not the treatment he deemed necessary. Plaintiff sought monetary damages and also sought injunctive relief in the form of treatment, physical therapy, and surgical evaluation at an outside location. The court dismissed the California Department of Corrections from the action with prejudice because the claims against it were barred by the Eleventh Amendment. The court dismissed the claims seeking monetary relief from the Doe defendants in their official capacities, because state employees, such as the Doe defendants, are not persons within the meaning of 42 U.S.C. § 1983 when acting in their official capacities. The court dismissed the claims for injunctive relief regarding Plaintiff's medical treatment because the complaint alleged negligence and a difference of opinion between Plaintiff and prison medical authorities as to Plaintiff's medical treatment, neither of which states a violation of the Eighth Amendment. The court granted Plaintiff leave to file an amended complaint to address this deficiency, but Plaintiff did not file an amended complaint. The court therefore dismissed this action in its entirety with prejudice for failure to state a claim, and specified that this dismissal constituted a "strike" under 28 U.S.C. § 1915(g).

(5) C No. 1:08-cv-00179-OWW-MJS, *McElroy v. Schultz, et al.* (E.D. Cal. Apr. 30, 2010) (failure to state a claim). In this action, Plaintiff sued the California Department of Corrections and individual Kern Valley State Prison correctional officials, alleging that they provided him inadequate medical care. The court dismissed the California Department of Corrections from the action with prejudice because the claims against it were barred by the Eleventh Amendment. The court dismissed the Eighth Amendment deliberate indifference to serious medical needs claims because the supporting allegations were vague and conclusory, failed to charge each individual defendant with specific conduct that indicated that they knew of and

disregarded a serious risk to Plaintiff's health and safety, and failed to comply with Fed. R. Civ. P. 8's requirement of a short and plain statement. The court granted Plaintiff leave to file an amended complaint and instructed that the amended complaint should allege in specific terms how each individual defendant was involved in the alleged constitutional violation. Plaintiff filed an amended complaint, which was dismissed with leave to amend because Plaintiff again failed to link each individual defendant with actionable conduct. Plaintiff did not file a second amended complaint. The court therefore dismissed this action in its entirety for failure to state a claim.

(6) C No. 1:13-cv-0483-MJS, *McElroy v. Institutional Head Ground, et al.* (E.D. Cal. Nov. 1, 2013) (failure to state a claim). In this action, Plaintiff sued the California Department of Corrections ("CDCR"), CDCR director M. Cate, individual Kern Valley State Prison ("KVSP") correctional officials, individual Salinas Valley State Prison ("SVSP") officials, and the warden at High Desert State Prison, alleging that they violated his rights under the First, Eighth, and Fourteenth Amendments and violated his rights under the Religious Freedom Restoration Act. Plaintiff alleged that these defendants and others were involved in a conspiracy to deprive him of religious items and to prevent him from complying with religious requirements. In a detailed and reasoned order, the court dismissed the complaint because it violated the joinder rules in that Plaintiff had not linked the SVSP and High Desert State Prison defendants to the primary underlying incident at KVSP; because Plaintiff failed to link defendants Grounds, Hedgepath, Asuncion, Bonner, or Cate directly to the relevant incident at KVSP; because Plaintiff failed to properly link any named defendant to his First Amendment claim regarding observing Ramadan; because the allegations did not state a First Amendment violation but only alleged a simple miscommunication over when to return his food tray; because defendants Staily, Harden, and Mecevido's alleged actions did not rise to the level of an Eighth Amendment excessive force violation because it was unclear what each defendant did to Plaintiff; because the Fourteenth Amendment claim was unclear as to whether Plaintiff sought to bring an equal protection claim or a due process claim, and failed because it did not identify what each defendant did or did not do that violated the Fourteenth Amendment; because the complaint failed to identify any prison restrictions that placed a substantial burden on the exercise of Plaintiff's religious beliefs; and

because the complaint failed to allege sufficient facts to support a cognizable conspiracy claim. The court granted Plaintiff leave to file an amended complaint. Plaintiff filed an amended complaint, which the Court dismissed for failure to state a claim because it again violated the joinder requirement; again sought to sue the CDCR which is immune from suit pursuant to the Eleventh Amendment; again failed to link named defendants to the First Amendment claim; alleged a Fourth Amendment property claim which fails as a matter of law because the Fourth Amendment does not apply to prison cells; repeated the Eighth Amendment excessive force claim which the court had already dismissed with prejudice; again failed to pled sufficient facts to support a cognizable conspiracy claim; and alleged violations of California state law for which there is no private right of action. The court therefore dismissed the action in its entirety for failure to state a claim.

(7) C No. 1:1-20-cv-00658-DAD-SAB (E.D. Cal. Dec. 10, 2020), *McElroy v. Gomez, et al.* (failure to state a claim, failure to comply with court order, failure to prosecute). The complaint filed in this action was rambling and incoherent. In a detailed and reasoned order, the court reviewed the complaint's numerous allegations and dismissed the complaint with leave to amend because, *inter alia*, it violated Fed. R. Civ. P. 8's requirement of a short and plain statement of the claim; violated Fed. R. Civ. P. 18 and 20's joinder requirements; failed to adequately link each individual defendant to an action or inaction that violated Plaintiff's civil rights; named defendants in supervisory positions but failed to allege that these supervisory defendants personally participated in the alleged constitutional violation; named defendants whose sole involvement in the alleged constitutional violation was his or her participation in the grievance process; the allegation that state laws were violated was insufficient, by itself, to state a federal constitutional violation; there is no liberty interest in being free of false accusations of misconduct and no liberty interest in a certain housing placement based upon a certain classification score; the confiscation of property is not actionable under the Due Process Clause; and the facts alleged failed to state claims for violation of the Eighth Amendment, the First Amendment, the Americans with Disabilities Act, or the Rehabilitation Act. The court granted Plaintiff leave to file an amended complaint. Plaintiff did not file an amended complaint. The court therefore dismissed

the complaint for failure to state a cognizable claim; failure to obey the court's September 28, 2020 order ordering Plaintiff to file an amended complaint; and failure to prosecute the action.

The Court has carefully evaluated the above cases, and finds that these cases qualify as strikes because the cases were dismissed in their entirety for either failure to state a claim or as frivolous. *Andrews I*, 398 F.3d at 1121 ("§ 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim"); *Harris I*, 935 F.3d at 674, 676 (to be counted as strike, case must be dismissed in its entirety as frivolous, malicious or for failure to state claim; where immunity is so obvious from face of complaint that suit is frivolous, dismissal for immunity counts as a strike); *Harris II*, 863 F.3d at 1143 (when court dismisses complaint for failure to state claim and grants leave to amend, and plaintiff fails to file amended complaint, dismissal counts as Section 1915(g) strike); *Knapp*, 738 F.3d at 1108 (repeated and knowing violations of Fed. R. Civ. P. 8 are strikes as failure to state claim).

**D. Complaint**

Plaintiff filed this complaint on or about June 1, 2026. Dkt. No. 1 at 1. The complaint is rambling and incoherent. The complaint names the following defendants in the caption: "Property Clerk RHU Officer Reyes, RHU Supervisor Doe, Med. Administrator Doe, ICC/UCC Committee Member Does, Appeals Office Doe, Ortega, G. Constantino, Louis Soares CDCR, et al." Dkt. No. 1 at 1. Throughout the complaint, Plaintiff refers to additional officers as defendants: D. Campagna, E. Santana-Guzman, J. Metcalfe, J. Duron, A. Camarena,

The complaint brings numerous claims about unrelated incidents, including but not limited to, challenging the classification committee's refusal to single cell him; alleging that his legal effects were placed in the Ad-Seg Restrictive Housing Unit's property which deprived him of his First Amendment right to access the courts and his rights under RLUIPA to practice his religion; alleging that he was deprived of his seated walker which he requires in order to safely access the sink and toilet and to bathe himself; alleging that Defendants prevented him from being transferred to a healthcare living space and program facility that would adequately care for him and allow him

United States District Court
Northern District of California

to work towards early release; alleging that he has been denied necessary sanitary palliative, curative, and therapeutic supplies; alleging that he has been denied effective medical care; that he has suffered disparate retaliation and denied reasonable accommodations; and alleging that he has been improperly denied a youth offender parole hearing and an elderly parole hearing. To the extent that dates are provided for these events, these events appear to have taken place in late 2024 and early 2025. *See generally* Dkt. No. 1.

**E. Imminent Danger of Serious Physical Injury Analysis**

The complaint's allegations do not support an inference that Plaintiff faced imminent danger of serious physical injury from Defendants on June 1, 2026, the date he filed the complaint. To the extent that Plaintiff is alleging that his safety is at risk if not single-celled, Plaintiff has presumably been double-celled since the classification committee decisions in early 2025 and Plaintiff does not report any instances where he faced danger from his cellmate. The remaining factual allegations do not describe imminent danger of serious physical injury either at the time of the relevant events or, more relevantly, at the time the complaint was filed. Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. *Andrews II*, 493 F.3d at 1055.

**CONCLUSION**

For the reasons set forth above, the Court ORDERS Plaintiff to, within **twenty-eight (28) days** of the date of this order, SHOW CAUSE why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Failure to respond in accordance with this order may result in dismissal of this action without further notice to Plaintiff pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: 7/27/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge