United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LATWAHN MCELROY,
Plaintiff,

v.

PROPERTY CLERK RHU, et al.,
Defendants.

Case No. 26-cv-05202-HSG

**ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR EXTENSION OF TIME TO FILE ANSWER; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

Re: Dkt. Nos. 6, 7

Plaintiff, an inmate currently housed at Kern Valley State Prison ("KVSP"), has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's requests for an extension of time to answer the Court's July 27, 2026 Order to Show Cause, and DENIES his request for appointment of counsel. Dkt. Nos. 6, 7.

**DISCUSSION**

On July 27, 2026, the Court ordered Plaintiff to show cause by August 24, 2026, why his request for leave to proceed *in forma pauperis*, Dkt. No. 2, should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Dkt. No. 4. On or about August 19, 2026, Plaintiff filed a request for a 45-day extension of time to answer the order to show cause, stating that he requires additional time because he is a "handicapped individual requiring extra time and reading comprehension accommodation especially the use of elite menlin pro magnifier . . ." and that he is seeking "expedited discovery of culpable defendants – involvement and identity for proper service, at such time [he] will seek First Amended Complaint with concise inference of threat risk of exposure to imminent danger." Dkt. No. 6 at 1. Plaintiff also requests that the Court appoint counsel because the extension of time "would work more effectively & in case of

United States District Court
Northern District of California

emergency." Dkt. No. 6 at 1. On or about August 19, 2026, Plaintiff filed another copy of the request for extension of time docketed at Dkt. No. 6. Dkt. No. 7.

The Court GRANTS IN PART AND DENIES IN PART Plaintiff's requests for an extension of time to file his answer to the Court's July 27, 2026 Order to Show Cause. Dkt. Nos. 6, 7. Whether Plaintiff should be granted leave to proceed *in forma pauperis* turns on whether he can demonstrate that he faced imminent danger of serious physical injury from Defendants on June 1, 2026, the date he filed the complaint; and whether he has suffered strikes within the meaning of 28 U.S.C. § 1915(g). It is unlikely that discovery is needed for Plaintiff to address these issues. In addition, Plaintiff is a frequent litigant, having filed at least 72 cases or appeals in California courts, and eight cases in the federal district courts and three appeals in the last five years. These facts cast doubt on his claim that his disability limits his ability to litigate or to prepare an answer to the Order to Show Cause within the time previously provided. However, in the interest of justice, the Court grants Plaintiff an extension of time to September 25, 2026 to file his answer to the Court's July 27, 2026 Order to Show Cause. Failure to file an answer by this date may result in dismissal of this action without further notice to Plaintiff pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order.

The Court DENIES Plaintiff's requests for appointment of counsel for lack of exceptional circumstances. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id*. The Court

DENIES Plaintiff's request for appointment of counsel for lack of exceptional circumstances. Plaintiff appears to seek counsel to assist him in developing his claims or conducting discovery to bolster his claims. Seeking assistance to develop cognizable claims or conduct pre-litigation discovery to prepare a complaint does not constitute exceptional circumstances requiring appointment of counsel.

**CONCLUSION**

For the reasons set forth above, the Court ORDERS as follows. The Court GRANTS IN PART AND DENIES IN PART Plaintiff's requests for an extension of time to file his answer to the Court's July 27, 2026 Order to Show Cause. Dkt. Nos. 6, 7. Plaintiff shall file his answer by September 25, 2026. Failure to file an answer by this date may result in dismissal of this action without further notice to Plaintiff pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order. The Court DENIES Plaintiff's requests for appointment of counsel. Dkt. Nos. 6, 7.

This order terminates Dkt. Nos. 6, 7.

**IT IS SO ORDERED.**

Dated: 9/9/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge