United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LATWAHN MCELROY,
Plaintiff,
v.
PROPERTY CLERK RHU, et al.,
Defendants.

Case No. 26-cv-05202-HSG

**ORDER GRANTING REQUEST FOR EXTENSION OF TIME TO FILE ANSWER; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

Re: Dkt. No. 9

Plaintiff, an inmate currently housed at Kern Valley State Prison ("KVSP"), has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court GRANTS Plaintiff's second request for an extension of time to answer the Court's July 27, 2026 Order to Show Cause, and DENIES Plaintiff's renewed request for appointment of counsel. Dkt. No. 9.

**DISCUSSION**

On July 27, 2026, the Court ordered Plaintiff to show cause by August 24, 2026, why his request for leave to proceed *in forma pauperis*, Dkt. No. 2, should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Dkt. No. 4. On or about August 19, 2026, Plaintiff requested a 45-day extension of time to answer the order to show cause and requested that the Court appoint him counsel. Dkt. Nos. 6, 7. On September 9, 2026, the Court granted in part the request for an extension of time, and extended Plaintiff's deadline to file his answer to September 25, 2026. Dkt. No. 8. The Court denied Plaintiff's request for appointment of counsel because Plaintiff sought counsel to assist him in developing his claims and to conduct pre-litigation discovery to better prepare his complaint, which is not an exceptional circumstance requiring appointment of counsel. Dkt. No. 8.

On September 28, 2026, Plaintiff filed a pleading titled "Motion for reasonable exten[s]ion of time continuance and/or to elect counsel." Dkt. No. 9. Plaintiff states that he has no legal access to resources or to legal paging due to his lock-up status, and that his GA-22 requests were not answered until September 21, 2026. Dkt. No. 9 at 1-2. Plaintiff states that he requires "more than 72 hours and consideration of abnormal necessities and other prelitigation activities with at least 3 weeks of law library use" to complete his answer. Dkt. No. 9 at 2. Plaintiff requests a 28-day extension of time "and/or to elect metered counsel for the single task of completion upon its merits." Dkt. No. 9 at 2.

In the interests of justice, the Court GRANTS Plaintiff a second extension of time to November 20, 2026, to file his answer to the Court's July 27, 2026 Order to Show Cause. With this extension, Plaintiff will have had four months to prepare his answer. Accordingly, no further extensions of time will be granted. Failure to file an answer by this date may result in dismissal of this action without further notice to Plaintiff pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order.

The Court DENIES Plaintiff's renewed request for appointment of counsel for lack of exceptional circumstances. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id*. As the Court has previously informed Plaintiff, seeking assistance to prepare a complaint does not constitute exceptional circumstances requiring appointment of counsel.

United States District Court
Northern District of California

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows. The Court GRANTS Plaintiff's second request for an extension of time to file his answer to the Court's July 27, 2026 Order to Show Cause. Dkt. No. 9. Plaintiff shall file his answer by November 20, 2026. Failure to file an answer by this date may result in dismissal of this action without further notice to Plaintiff pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order. The Court DENIES Plaintiff's renewed request for appointment of counsel. Dkt. No. 9.

This order terminates Dkt. No. 9.

**IT IS SO ORDERED.**

Dated: 10/21/2026

Haywood S. Gill Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge